EASLEY, Justice,
Concurring:
¶ 22. Ever since the abomination known as Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), became the law of the land, the morality of our great nation has slipped ever so downwards to the point that the decision to spare the life of an unborn child has become an arbitrary decision based on convenience. This is exactly the factual situation of the case before this Court. In this case, the pregnant minor’s only thought as to the consequences of having an abortion is that raising a child would be an inconvenience. Abortion should never serve as a substitute for birth control.
¶23. The record does not reflect that the minor gave any real thought as to the long-term effects, risk involved or alternatives. No evidence was presented that having a baby would place the minor in any physical danger. The State has a duty and statutory obligation to protect all life including prenatal life.
¶ 24. How long before the right to decide the life span of the gravely ill or elderly also becomes a question of mere inconvenience? As guardians of justice, our decision should be made without regard to its popularity. It is our responsibility to take a stand. Each person has a moral responsibility to protect those of our society who are not able to protect themselves.
¶ 25. How can it be a felony or misdemeanor to injure an unborn child on one hand while the practice of abortion continues in our state? Miss.Code Ann. § 97-3-37(1) and (2) (2000) makes it a felony to injure an embryo or fetus. However, Mississippi statutes, Miss.Code Ann. §§ 41-41-51 to 63 (1993) provide for an abortion under the facts at hand. How can you explain this blatant inconsistency?
¶ 26. There are numerous private, faith-based, and public agencies in place ready to assist the natural mother through the variety of options available, including adoption. Many children have been given the greatest gift of life through adoption and the outreach of concerned family members and caring individuals. An abortion is a final act which can never be undone should the petitioner later have regrets or circumstances change. How many minors can be expected to fully weigh this crucial decision from which there is no return?
¶ 27. For these reasons, I concur with the majority in affirming the chancery court’s decision to deny this abortion.
WALLER and COBB, JJ., join this opinion in part.